# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-0742 PA (SPx) | Date | May 3, 2013 |
|---|---|---|---|
| Title | Jose A. Rivera v. Costco Wholesale Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Costco Wholesale Corporation and Steve Hall ("Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Jose A. Rivera ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

For purposes of diversity, Plaintiff is a citizen of California; defendant Costco Wholesale Corporation is a citizen of Washington; and defendant Steve Hall is a citizen of California. Since Hall is

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-0742 PA (SPx) | Date | May 3, 2013 |
|---|---|---|---|
| Title | Jose A. Rivera v. Costco Wholesale Corporation, et al. | | |

a citizen of California, removal is prohibited. Here, complete diversity has not been established. Even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendants maintain that Hall's citizenship should be ignored because he has been fraudulently joined. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

Defendants do not provide any evidence or legal authority regarding why Hall could not be found liable under California State law. Plaintiff alleges the third cause of action, wrongful termination in violation of public policy (for retaliating against Plaintiff for exercising Fair Employment and Housing Act rights), against all defendants. Additionally, Plaintiff's fifth cause of action for defamation specifically alleges that Hall made statements regarding Plaintiff's termination that were false and pretextual, that the defamatory statements were understood as assertions of fact, that the statements tend to injure Plaintiff in respect to his profession, trade or business, and that Plaintiff suffered injury to his reputation as a proximate result.

The Court finds that Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on any of his claims against Hall. For instance, "to survive a motion to dismiss on a defamation claim, a plaintiff must allege: (1) a defendant; (2) intentionally published a statement of fact; (3) that is false; (4) unprivileged; and (5) has a natural tendency to injure (libel per se) or causes special damages." Steinmetz v. General Elec. Co., 2009 U.S. Dist. LEXIS 59712, at *5 (S.D. Cal. July 13, 2009); Smith v. Maldonado, 72 Cal.App.4th 637, 645-46, 85 Cal. Rptr. 2d 397 (1999).

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-0742 PA (SPx) | Date | May 3, 2013 |
|---|---|---|---|
| Title | Jose A. Rivera v. Costco Wholesale Corporation, et al. | | |

   In <u>Webber v. Nike USA, Inc.</u>, 2012 U.S. Dist. LEXIS 146521 (S.D. Cal. Oct. 9, 2012), the complaint alleged that the defendant stated plaintiff was terminated for "poor performance."  The court found that there was a non-fanciful possibility that a California state court could conclude that plaintiff had alleged an actionable statement of fact that constitutes defamation.  Here, the Complaint alleges that Hall stated Plaintiff was being terminated for "Serious Misconduct."  Defendants have failed to show that there is not a possibility that Plaintiff may prevail on the cause of action against the in-state defendant.  Thus, neither the Complaint nor the evidence submitted in support of the Notice of Removal forecloses the possibility of Plaintiff succeeding on his wrongful termination and defamation claims.

   Since Defendants have failed to meet their heavy burden of showing that Hall was fraudulently joined, this action may not be removed because complete diversity is lacking and defendant is a citizen of the State in which the action is brought.  Neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning § 1332's requirements.  Therefore, Defendants have not met their burden to establish this Court's jurisdiction.  <u>See</u> <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly, the Court remands this action to the Riverside County Superior Court, Case No. RIC 1218368, for lack of federal subject matter jurisdiction.  <u>See</u> 28 U.S.C. § 1447(c).

   IT IS SO ORDERED.